**GERON LEGAL ADVISORS LLC**
Yann Geron
370 Lexington Avenue, Suite 1101
New York, New York
10017(646) 560-3224

**THE LAW OFFICES OF NEAL BRICKMAN, P.C.**
Neal Brickman
The GrayBar Building
420 Lexington Avenue, Suite 2811
New York, New York 10170
(212) 986-6840

*Attorneys for Hannah Davidson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| RICK ALAN DAVIDSON, | Case No. 19-11486 (DSJ) |
| Debtor. | |

-------------------------------------------------------------------------x

| | |
|---|---|
| SALVATORE LaMONICA, Solely in His Capacity as Chapter 7 Trustee of the Estate of Rick Alan Davidson | Adv. Pro. No. 21-01127 (DSJ) |
| Plaintiffs, | |
| -against- | |
| HANNAH DAVIDSON, | |
| Defendant. | |

-------------------------------------------------------------------------x

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Hannah Davidson ("Defendant"), by her attorneys, and as for her Answer and Affirmative Defenses to the Amended Complaint (the "Amended Complaint") of Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee"), states and alleges as follows:

1

## ANSWER TO JURISDICTION

1. Paragraph 1 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant admits the allegations contained therein, but denies any wrongdoing or liability based on the facts alleged.

2. Paragraph 2 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant admits the allegations contained therein.

3. Paragraph 3 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

4. Paragraph 4 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

5. Paragraph 5 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

6. Paragraph 6 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required.

## ANSWER TO PARTIES

7. Defendant admits each and every allegation contained in paragraph 7 of the Amended Complaint.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint. Further, the Defendants refers all questions of law to the Court.

9. Defendant admits each and every allegation contained in paragraph 9 of the Amended Complaint.

10. Defendant denies each and every allegation contained in paragraph 10 of the Amended Complaint, except admits that he currently resides in New York City.

## ANSWER TO GENERAL ALLEGATIONS

**A.** **Answer to The Bankruptcy Filing.**

11. Defendant admits each and every allegation contained in paragraph 11 of the Amended Complaint.

12. Defendant admits each and every allegation contained in paragraph 12 of the Amended Complaint.

13. Defendant admits each and every allegation contained in paragraph 13 of the Amended Complaint.

14. Defendant admits each and every allegation contained in paragraph 14 of the Amended Complaint.

**B.** **Answer to Background.**

15. Defendant admits each and every allegation contained in paragraph 15 of the Amended Complaint.

16. Defendant admits each and every allegation contained in paragraph 16 of the Amended Complaint.

17. Defendant admits each and every allegation contained in paragraph 17 of the Amended Complaint but states that the Debtor's alimony obligation was modified downward based upon Debtor's changed circumstances, and that Debtor was, at the time of his bankruptcy filing, attempting to further reduce his alimony obligation to Donna.

18. Defendant admits each and every allegation contained in paragraph 18 of the Amended Complaint, but denies that Debtor is indebted to Donna in that amount and states that Debtor has, or will object to Donna's claim and that the Debtor's alimony obligation was modified downward based upon Debtor's changed circumstances, and that Debtor was, at the time of his bankruptcy filing, attempting to further reduce his alimony obligation to Donna.

19. Defendant admits each and every allegation contained in paragraph 19 of the Amended Complaint but denies that Debtor is indebted to Donna in that amount and states that Debtor has, or will object to Donna's claim.

20. Defendant admits each and every allegation contained in paragraph 20 of the Amended Complaint.

21. Defendant denies each and every allegation contained in paragraph 21 of the Amended Complaint, except admits that Morgan Stanley extended a number of forgivable loans to Debtor, which were to be forgiven over time or in the event that Debtor was terminated "without cause" and, therefore, denies that Debtor was indebted to Morgan Stanley.

22. Defendant denies each and every allegation contained in paragraph 21, and specifically, denies that he incurred debts to Morgan Stanley that rendered the Defendant insolvent. Defendant further states that, at the time he left Morgan Stanley, he had assets in his Morgan Stanley retirement account that exceeded that amounts outstanding on the forgivable loans that Morgan Stanley had extended to him.

23. Defendant admits each and every allegation contained in paragraph 23 of the Amended Complaint because Debtor voluntarily resigned his position with Morgan Stanley and had signed on with Jefferies who provided Debtor with a replacement forgivable loan that allowed him to pay off the Morgan Stanley loan in full and, *inter alia*, fund the divorce settlement Debtor made with Donna.

24. Defendant admits each and every allegation contained in paragraph 24 of the Amended Complaint.

25. Defendant admits each and every allegation contained in paragraph 25 of the Amended Complaint, but states that the loan was a forgivable loan, which both parties contemplated would be forgiven in its entirety.

26. Defendant admits each and every allegation contained in paragraph 26 of the Amended Complaint, but refers the Court to the Note for its complete terms.

27. Paragraph 27 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, denies each and every allegation of Paragraph 27 of the Amended Complaint, refers all questions of law to the Court, and states that, until Jefferies declared the Note in default and refused to reasonably settle it, Debtor was not insolvent.

28. Paragraph 28 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, denies each and every allegation of Paragraph 28 of the Amended Complaint, refers all questions of law to the Court, and states that, until Jefferies declared the Note in default and refused to reasonably settle it, Debtor was not insolvent.

29. Defendant admits each and every allegation contained in paragraph 29 of the Amended Complaint.

30. Defendant denies each and every allegation contained in paragraph 30 of the Amended Complaint, and states that Debtor's separation from Jefferies was by mutual agreement.

31. Defendant denies the allegations contained in paragraph 31 of the Amended Complaint and refers to the document referenced therein for a complete and accurate statement of its contents.

32. Defendant admits each and every allegation contained in paragraph 32 of the Amended Complaint, and states that Debtor asserted a counterclaim in that arbitration, seeking in excess of $17 million in damages.

33. Defendant admits each and every allegation contained in paragraph 33 of the Amended Complaint.

34. Defendant admits each and every allegation contained in paragraph 34 of the Amended Complaint.

35. Defendant admits each and every allegation contained in paragraph 35 of the Amended Complaint.

36. Defendant admits each and every allegation contained in paragraph 36 of the Amended Complaint.

37. Defendant admits each and every allegation contained in paragraph 37 of the Amended Complaint.

38. Defendant admits each and every allegation contained in paragraph 38 of the

Amended Complaint.

39. Defendant admits each and every allegation contained in paragraph 39 of the Amended Complaint.

40. Defendant admits each and every allegation contained in paragraph 40 of the Amended Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 41 of the Amended Complaint, such as the nature of the negotiations between Jefferies and the Plaintiff and whether or not the negotiations between Jefferies and the Plaintiff were conducted at arm's length. Defendant further states that he lacks knowledge or information sufficient to form a belief as to the nature of the investigation, if any, that the Trustee conducted with respect to Jefferies' claims against the Debtor's estate and the Debtor's Counterclaims.

42. Defendant admits each and every allegation contained in paragraph 42 of the Amended Complaint, but states that Debtor was not a party to these negotiations.

43. Defendant admits each and every allegation contained in paragraph 43 of the Amended Complaint.

44. Defendant admits each and every allegation contained in paragraph 44 of the Amended Complaint, but states that the Amended Complaint does not recite each and every term of the Stipulation and how it was structured to ensure that it would not negatively impact upon Debtor's ability to continue to earn a living in the securities industry.

45. Defendant admits each and every allegation contained in paragraph 45 of the Amended Complaint.

46. Defendant admits each and every allegation contained in paragraph 46 of the Amended Complaint, but states that the Trustee, upon information and belief made an

affirmative decision not to object to Debtor's discharge or his dischargeability.

**C.    Answer to the Transfers.**

47.    Defendant admits that she held one or more credit card account with American Express, but denies knowledge and information as to the accuracy of the account numbers attributed to those accounts as alleged in paragraph 47 of the Amended Complaint.

48.    Defendant admits each and every allegation contained in paragraph 48 of the Amended Complaint.

49.    Defendant admits each and every allegation contained in paragraph 49 of the Amended Complaint and states that these charges were part of the support obligation that Debtor was obligated to pay for the Defendant pursuant to the divorce settlement.

50.    Defendant admits to having incurred charges on an American Express account but denies knowledge and information as to the accuracy of the amounts stated in attributed charges as alleged in paragraph 50 of the Amended Complaint.

51.    Defendant admits to having incurred charges on an American Express account but denies knowledge and information as to the accuracy of the amounts stated in attributed charges as alleged in paragraph 50 of the Amended Complaint.

52.    Defendant admits each and every allegation contained in paragraph 52 of the Amended Complaint but states the Transfers and Two-Year Transfers were made to fulfill obligations existing pursuant to the terms of the divorce agreement between Debtor and Donna.

53.    Defendant admits each and every allegation contained in paragraph 53 of the Amended Complaint but states the Transfers and Two-Year Transfers were made to fulfill obligations existing pursuant to the terms of the divorce agreement between Debtor and Donna, and further states that some, or all, of the Transfers and Two-Year Transfers were made when

the Defendant was still a student and not emancipated.

54. Defendant denies each and every allegation contained in paragraph 54 of the Amended Complaint and specifically states the Transfers and Two-Year Transfers were made to fulfill obligations existing pursuant to the terms of the divorce agreement between Debtor and Donna and therefore fair consideration was received.

55. Defendant denies each and every allegation contained in paragraph 55 of the Amended Complaint.

**D.** **Answer to Reservation of Rights.**

56. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint, and states that, upon information and belief, the Trustee is not conducting any ongoing investigation, but, instead, is relying on Jefferies biased and false factual narrative in making the claims asserted in the Amended Complaint.

57. Paragraph 57 states a reservation of rights as to claims being plead in the alternative to which no response is required.

## ANSWER TO CLAIMS FOR RELIEF

## CLAIM I
**(Property of the Estate)**

58. With respect to paragraph 58 of the Amended Complaint, Defendant hereby incorporates the responses to paragraphs "1" through "57" above as if fully set forth herein.

59. Paragraph 59 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant denies each and every factual allegation and refers all questions of law to the Court.

60. Paragraph 60 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant denies each and every factual allegation and refers all questions of law to the Court.

61. Defendant denies each and every allegation contained in paragraph 61 of the Amended Complaint as the Transfers and Two-Year Transfers were made pursuant to the terms of the divorce agreement between Debtor and Donna.

62. Paragraph 62 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

## **CLAIM II**

**(Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(A))**

63. With respect to paragraph 63 of the Amended Complaint, Defendant hereby incorporates the responses to paragraphs "1" through "62" above as if fully set forth herein.

64. Defendant admits each and every allegation contained in paragraph 64 of the Amended Complaint.

65. Defendant denies each and every allegation contained in paragraph 65 of the Amended Complaint.

66. Defendant denies each and every allegation contained in paragraph 66 of the Amended Complaint.

67. Defendant admits each and every allegation contained in paragraph 67 of the Amended Complaint.

68. Paragraph 68 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant denies each and every factual allegation contained in Paragraph 68 of the Amended

Complaint, refers all questions of law to the Court, and states that the Debtor did not constructively or actually defraud, delay, or hinder any creditor.

## CLAIM III

**(Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(B))**

69. With respect to paragraph 69 of the Amended Complaint, Defendant hereby incorporates the responses to paragraphs "1" through "68" above as if fully set forth herein.

70. Defendant admits each and every allegation contained in paragraph 70 of the Amended Complaint.

71. Defendant denies each and every allegation contained in paragraph 71 of the Amended Complaint.

72. Defendant admits each and every allegation contained in paragraph 72 of the Amended Complaint.

73. Defendant denies each and every allegation contained in paragraph 73 of the Amended Complaint.

74. Paragraph 74 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant denies each and every factual allegation contained in Paragraph 74 of the Amended Complaint, refers all questions of law to the Court.

## CLAIM IV

**(Fraudulent Transfer Under DCL)**

75. With respect to paragraph 75 of the Amended Complaint Defendant hereby incorporates the responses to paragraphs "1" through "74" above as if fully set forth herein.

76. Defendant admits each and every allegation contained in paragraph 76 of the

Amended Complaint.

77. Defendant admits each and every allegation contained in paragraph 77 of the Amended Complaint.

78. Defendant admits each and every allegation contained in paragraph 78 of the Amended Complaint.

79. Defendant denies each and every allegation contained in paragraph 79 of the Amended Complaint.

80. Defendant denies each and every allegation contained in paragraph 80 of the Amended Complaint. Specifically, that the Transfers were made pursuant to the divorce agreement between Debtor and Donna, and thus, fair consideration was given.

81. Paragraph 81 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

82. Paragraph 82 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, refers all questions of law to the Court.

## **CLAIM V**

### **(Fraudulent Transfer Under DCL)**

83. With respect to paragraph 83 of the Amended Complaint, Defendant hereby incorporates the responses to paragraphs "1" through "82" above as if fully set forth herein.

84. Defendant admits each and every allegation contained in paragraph 84 of the Amended Complaint.

85. Defendant denies each and every allegation contained in paragraph 85 of the

Amended Complaint. Specifically, that the Transfers were made pursuant to the divorce agreement between Debtor and Donna, and thus, fair consideration was given.

86. Defendant denies each and every allegation contained in paragraph 86 of the Amended Complaint.

87. Paragraph 87 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

88. Paragraph 88 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

## CLAIM VI

### (Fraudulent Transfer Under DCL)

89. With respect to paragraph 89 of the Amended Complaint, Defendant hereby incorporates the responses to paragraphs "1" through "88" above as if fully set forth herein.

90. Defendant admits each and every allegation contained in paragraph 90 of the Amended Complaint.

91. Defendant denies each and every allegation contained in paragraph 91 of the Amended Complaint. Specifically, that the Transfers were made pursuant to the divorce agreement between Debtor and Donna, and thus, fair consideration was given.

92. Defendant denies each and every allegation contained in paragraph 92 of the Amended Complaint.

93. Paragraph 93 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, and Defendant refers all questions of law to the Court.

94. Paragraph 94 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

## CLAIM VII

### (Fraudulent Transfer Under DCL)

95. With respect to paragraph 95 of the Amended Complaint, Defendant hereby incorporates the responses to paragraphs "1" through "94" above as if fully set forth herein.

96. Defendant admits each and every allegation contained in paragraph 96 of the Amended Complaint.

97. Defendant denies each and every allegation contained in paragraph 97 of the Amended Complaint.

98. Paragraph 98 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

99. Paragraph 99 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

## CLAIM VIII

### (Attorneys' Fees Under DCL)

100. With respect to paragraph 100 of the Amended Complaint, Defendant hereby incorporates the responses to paragraphs "1" through "99" above as if fully set forth herein.

101. Paragraph 101 of the Amended Complaint states legal opinions and conclusions

of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant deny all factual allegations and refers all questions of law to the Court.

102. Defendant denies each and every allegation contained in paragraph 102 of the Amended Complaint.

103. Paragraph 103 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

## CLAIM IX

**(Disallowance of Claims Under 11 U.S.C. §§ 502(d) and 502(j))**

104. With respect to paragraph 104 of the Amended Complaint, Defendant hereby incorporates the responses to paragraphs "1" through "103" above as if fully set forth herein.

105. Defendant denies each and every allegation contained in paragraph 105 of the Amended Complaint.

106. Paragraph 106 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

107. Paragraph 107 of the Amended Complaint states legal opinions and conclusions of Plaintiff as to which no answer is required. To the extent that a response is required, Defendant refers all questions of law to the Court.

WHEREFORE, Defendant denies that Plaintiffs are entitled to relief.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108. The claims alleged in the Amended Complaint fail to state any grounds upon

which relief can or should be granted by this court against the Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109. At all times relevant hereto, the Defendant and the Debtor acted in good faith, without malice, and did not act in a wrongful manner.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110. The actions which purportedly give rise to the claims set forth in the Amended Complaint were undertaken in the ordinary course of business within the Defendant and Debtor's normal course of dealings.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111. The relief sought by plaintiff is barred by the doctrines of waiver and/or estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112. The alleged damages, if any, sustained by plaintiff were caused in whole or in part by the conduct of plaintiff or third-parties, over whom the defendant had no control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113. Plaintiff has failed to join all of the necessary and indispensable parties in this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114. The claims and causes of action asserted in the Amended Complaint are barred by the applicable statutes of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

115. At all times relevant hereto, neither the Defendant nor the Debtor acted in a negligent, reckless, or careless manner or in violation of any statute or applicable law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

116. Debtor was not insolvent at the time of the purported transfers and the transfers did not render him insolvent.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

117. Neither the Defendant nor the Debtor did constructively or actually defraud, delay, or hinder any creditor.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

118. The actions which purportedly give rise to the claims set forth in the Amended Complaint were undertaken in furtherance of fulfilling obligations existing pursuant to the divorce agreement between the Debtor and Donna. At the time of the purported fraudulent transfers Defendant was a student and was not emancipated.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

119. Defendant reserves the right to assert additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter.

Dated: April 8, 2022

Respectfully submitted,

**GERON LEGAL ADVISORS LLC**

By: *s/ Yann Geron*
    Yann Geron
    370 Lexington Avenue,
    Suite 1101
    New York, New York 10017
    (646) 560-3224

**THE LAW OFFICES OF
NEALBRICKMAN, P.C.**

By: *s/ Neal Brickman*
    Neal Brickman
    The GrayBar Building
    420 Lexington Avenue, Suite 2811
    New York, New York 10170
    (212) 986-6840
    *Attorneys for Hannah Davidson*