| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP** | Hearing Date: September 8, 2022 at 10:00 a.m. |
| 3305 Jerusalem Avenue, Suite 201 | Objection Deadline:  September 1, 2022 by 5:00 p.m. |
| Wantagh, New York 11793 | |
| David A. Blansky, Esq. | |
| Tel. 516.826.6500 | |
| *Counsel to Salvatore LaMonica, Solely as Trustee* | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                                                            Chapter 7

RICK ALAN DAVIDSON,                                                                    Case No. 19-11486 (DSJ)

                              Debtor.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                              Plaintiff,                                       Adv. Pro. No. 21-01126 (DSJ)

    -against-

AMERICAN EXPRESS COMPANY, AMERICAN
EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC., AMERICAN EXPRESS
CREDIT CORPORATION, AMERICAN
EXPRESS NATIONAL BANK F/K/A
AMERICAN EXPRESS CENTURION BANK AND
SUCCESSOR BY MERGER TO AMERICAN
EXPRESS BANK, FSB, and BELLATOUR, LLC,

                              Defendants.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                                                                                         Adv. Pro. No. 21-01127 (DSJ)
                              Plaintiff,

    -against-

HANNAH DAVIDSON,
                              Defendant.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,                 Adv. Pro. No. 21-01128 (DSJ)

                              Plaintiff,
    -against-

MAX DAVIDSON,
                              Defendant.
------------------------------------------------------------------------x

1

```
-------------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                      Plaintiff,                      Adv. Pro. No. 21-01129 (DSJ)

  -against-

MESKITA LIFESTYLE BRANDS, LLC
AND BELLATOUR, LLC,

                      Defendants.
```
-------------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                      Plaintiff,                      Adv. Pro. No. 21-01130 (DSJ)

  -against-

RICK ALAN DAVIDSON,

                      Defendant.
```
-------------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                      Plaintiff,                      Adv. Pro. No. 21-01131 (DSJ)

  -against-

NANCY STEARNS AND BELLATOUR, LLC,

                      Defendants.
```
-------------------------------------------------------------------------x
```

**NOTICE OF HEARING ON THE MOTION APPROVING THE STIPULATION, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, BY AND AMONG THE CHAPTER 7 TRUSTEE, ON BEHALF OF THE DEBTOR'S ESTATE, AND BELLATOUR, LLC, HANNAH DAVIDSON, MAX DAVIDSON, THE DEBTOR, AND NANCY STEARNS**

        **PLEASE TAKE NOTICE,** that on **September 8, 2022 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a virtual hearing shall be held before the Honorable David S. Jones, United States Bankruptcy Judge, Southern District of New York, on the motion ("Motion") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the Rick Alan Davidson estate ("Debtor"), seeking approval, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") of the stipulation by and between the Trustee and

Bellatour, LLC, Hannah Davidson, Max Davidson, the Debtor, and Nancy Stearns resolving the Trustee's claims, as defined in the Motion, a copy of which is annexed to the Motion as **Exhibit "A"**, and for related relief.

**PLEASE TAKE FURTHER NOTICE**, that Judge Jones is conducting most proceedings remotely using Zoom. Applicable Zoom hearing procedures are available at: https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with Title 11 of the United State Code, the Bankruptcy Rules, and the Local Rules, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable David S. Jones, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: David A. Blansky, Esq., no later than **September 1, 2022 by 5:00 p.m.** as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: August 1, 2022
      Wantagh, New York

                              **LaMONICA HERBST & MANISCALCO, LLP**
                              Counsel to Salvatore LaMonica, solely as Trustee

By:    *s/David A. Blansky*
        David A. Blansky, Esq.
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        Telephone: 516.826.6500

4

| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Tel. 516.826.6500<br>David A. Blansky, Esq.<br>Tel. 516.826.6500<br>*Attorneys for Salvatore LaMonica, Solely as Trustee* | Hearing Date: September 8, 2022 at 10:00 a.m.<br>Objection Deadline: September 1, 2022 by 5:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                                              Chapter 7

RICK ALAN DAVIDSON,                                                        Case No. 19-11486 (DSJ)

                                Debtor.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                              Plaintiff,                            Adv. Pro. No. 21-01126 (DSJ)

      -against-

AMERICAN EXPRESS COMPANY, AMERICAN
EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC., AMERICAN EXPRESS
CREDIT CORPORATION, AMERICAN
EXPRESS NATIONAL BANK F/K/A
AMERICAN EXPRESS CENTURION BANK AND
SUCCESSOR BY MERGER TO AMERICAN
EXPRESS BANK, FSB, and BELLATOUR, LLC,

                              Defendants.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                              Plaintiff,                            Adv. Pro. No. 21-01127 (DSJ)

      -against-

HANNAH DAVIDSON,
                              Defendant.
------------------------------------------------------------------------x
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,                 Adv. Pro. No. 21-01128 (DSJ)

                              Plaintiff,

      -against-

MAX DAVIDSON,
                              Defendant.
------------------------------------------------------------------------x

```
-------------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                            Plaintiff,                  Adv. Pro. No. 21-01129 (DSJ)

   -against-

MESKITA LIFESTYLE BRANDS, LLC
AND BELLATOUR, LLC,

                            Defendants.
```
-------------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                            Plaintiff,                  Adv. Pro. No. 21-01130 (DSJ)

   -against-

RICK ALAN DAVIDSON,

                            Defendant.
```
-------------------------------------------------------------------------x
```
SALVATORE LaMONICA, Solely in His Capacity
as Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                            Plaintiff,                  Adv. Pro. No. 21-01131 (DSJ)

   -against-

NANCY STEARNS AND BELLATOUR, LLC,

                            Defendants.
```
-------------------------------------------------------------------------x
```

**MOTION APPROVING THE STIPULATION, PURSUANT TO RULE 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, BY AND
AMONG THE CHAPTER 7 TRUSTEE, ON BEHALF OF THE DEBTOR'S ESTATE,
AND BELLATOUR, LLC, HANNAH DAVIDSON, MAX DAVIDSON,
THE DEBTOR, AND NANCY STEARNS**

TO THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE:

      Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Trustee") of the Rick Alan Davidson ("Debtor") estate, by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking approval, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy

6

Rules") of the stipulation by and between the Trustee and Bellatour, LLC ("Bellatour"), Hannah Davidson ("Hannah"), Max Davidson ("Max"), the Debtor, and Nancy Stearns ("Nancy") (collectively, "Defendants") resolving the Trustee's claims against them in the above-captioned adversary proceedings upon the terms and conditions stated therein ("Stipulation"), a copy of which is annexed as **Exhibit "A"**, and for related relief and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein pursuant to Bankruptcy Rule 9019.

## BACKGROUND

**A.  Procedural Background**

4. On May 7, 2019 ("Filing Date"), a voluntary petition was filed by the Debtor for relief pursuant to Chapter 7 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code").

5. On the Filing Date, the Debtor and Nancy Stearns ("Nancy"), his girlfriend, were the owners of certain real property known as, and located at, 39 Tyndall Road, Sag Harbor, New York, as joint tenants with rights of survivorship ("Sag Harbor Property").

6. The Sag Harbor Property is encumbered by a first mortgage lien and second position home equity line of credit, for which the aggregate principal balance due as of June 1, 2022 was approximately $2,141,140.

7. On Schedule A/B to his petition, the Debtor identified a personal injury action pending against Jared Epstein ("PI Action").

8. On November 7, 2019, the Debtor, through counsel, filed a motion to convert his Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

9. By Order of Court dated December 3, 2019, the Debtor's case was converted to one under Chapter 7.

10. On December 6, 2019, the United States Trustee appointed Salvatore LaMonica as interim trustee in the Debtor's case, and he has since qualified and is acting as the permanent Trustee of the estate.

**B.    The Adversary Proceeding and Settlement**

11. During his investigation of the Debtor's financial affairs, the Trustee determined that prior to and following the Filing Date, the Debtor made certain payments to or for the benefit of multiple parties, including, but not limited to, himself, Hannah, Max, Nancy, and Bellatour.

12. On May 5, 2021, the Trustee commenced adversary proceedings to, among other things, avoid and recover funds transferred to or for the benefit of, among other parties, the Defendants.

13. Under adversary proceeding no. 21-01126 (DSJ) ("AmEx Proceeding"), the Trustee sued American Express Travel Related Services Company, Inc., American Express Credit Corporation, American Express Company, and American Express National Bank, formerly known as American Express Centurion Bank and successor by merger to American Express Bank, FSB (collectively, "American Express") to avoid more than $600,000.00 in transfers made by the Debtor within six-years of the Filing Date and after the Filing Date.

14. Bellatour was named as a defendant in the AmEx Proceeding as an alleged pass-through entity for the Debtor's payment of $41,000.00 to American Express.

15. Under adversary proceeding no. 21-01127 (DSJ) ("Hannah Proceeding"), the Trustee sued Hannah, the Debtor's daughter, to avoid $15,601.44 in transfers made by the Debtor within six years of the Filing Date to pay for credit card charges incurred by Hannah.

16. Under adversary proceeding no. 21-01128 (DSJ) ("Max Proceeding"), the Trustee sued Max, the Debtor's son, to avoid $18,686.31 in transfers made by the Debtor within six years of the Filing Date to pay for credit card charges incurred by Max.

17. Under adversary proceeding no. 21-01129 (DSJ) ("Meskita Proceeding"), the Trustee sued Meskita Lifestyle Brands, LLC ("Meskita") to avoid more than $500,000.00 in transfers made by the Debtor within six-years of the Filing Date.

18. Bellatour was named as a defendant in the Meskita Proceeding as an alleged pass-through entity for the Debtor's payment of an additional $97,000.00 to Meskita.

19. Under adversary proceeding no. 21-01130 (DSJ) ("Rick Proceeding"), the Trustee sued the Debtor to avoid and recover a post-petition transfer of $55,000.00 made into his IRA account and for his share of any post-petition rents collected in connection with the Sag Harbor Property.

20. Under adversary proceeding no. 21-01131 (DSJ) ("Nancy Proceeding"), the Trustee sued Nancy to avoid and recover transfers of money and property having a value of no less than $1,320,087.75 made within six-years of the Filing Date (of which $721,925.76 of the transfers made within two-years of the Filing Date), to avoid and recover no less than $71,702.01 in transfers made after the Filing Date, and to compel the sale of the Sag Harbor Property under

21-01127-dsj    Doc 27    Filed 08/01/22    Entered 08/01/22 15:10:16    Main Document
Pg 10 of 18


Section 363(h), free and clear of all liens, claims and encumbrances, and to pay Nancy her distributive interest from the proceeds of sale.

21. Bellatour was named as a co-defendant in the Nancy Proceeding as an alleged pass-through entity.

22. Following service of each of the complaints with a summons on each of the Defendants, each interposed an answer with affirmative defenses on or about June 21, 2021, by common counsel.

23. With respect to all the aforementioned adversary proceedings the Defendants denied any liability to the Trustee and asserted, among other things, that at the time of the transactions at issue the Debtor was not insolvent.

24. With respect to the Hannah Proceeding and the Max Proceeding, Hannah and Max asserted, among other things, that the Debtor received reasonably equivalent value and/or fair consideration because he was legally obligated to pay for such charges pursuant to his matrimonial settlement with his former spouse, Hannah and Max's mother.

25. With respect to the Rick Proceeding, the Debtor asserted, among other things, that the post-petition deposit into his IRA was made within the ordinary course of business and did not require Court approval as he had made comparable deposits in all of the years prior to the Filing Date.

26. With respect to the AmEx Proceeding, the Meskita Proceeding, and the Nancy Proceeding, Bellatour asserted, among other things, that it was merely a conduit for the transfers made to the co-defendants named therein.

27. With respect to the Nancy Proceeding, Nancy asserted, among other things, that the transfers made to or for her benefit resulted in direct or indirect consideration to the Debtor to the

extent they arose from rent on his New York City apartment or related to the mortgages payments, taxes, insurance, upkeep and household expenses for the Sag Harbor Property such that he received reasonably equivalent value or fair consideration for nearly all of the transfers in dispute.

28. The Trustee served discovery demands on the Defendants and a non-party subpoena on the Debtor in the adversary proceedings in which he was not a named party.

29. Hannah and Max were deposed in December 2021.

30. On March 31, 2022, the Trustee was granted leave to file and serve amended complaints against Hannah and Max.

31. On March 31, 2022, the Trustee filed amended complaints against Hannah and Max by which the amount of the transfers he sought to recover was increased to $57,483.27 ("Hannah Transfers") and $58,932.03 ("Max Transfers"), respectively.

32. On April 8, 2022, Hannah and Max each filed an answer with affirmative defenses to the amended complaints asserting the same defenses as in their original answers.

33. The Court has intervened in certain discovery disputes between the Trustee and certain of Defendants.

34. Following joinder of the issue and initial document discovery, the Trustee and the Defendants (each a "Party" and collectively, "Parties"), by their respective counsel, entered into discussions to globally resolve the Trustee's claims against the Defendants.

35. As a product of those discussions, the Parties agreed to a settlement and resolution of the claims asserted upon the terms and conditions set forth in the stipulation of settlement ("Stipulation") annexed hereto as Exhibit "A".

36. Specifically, under the terms of the Stipulation, the sum of $450,000.00 ("Settlement Sum") shall be paid to the Trustee in full and final satisfaction of the claims asserted in his complaint or that could have been asserted by him as against the Defendants.

37. As additional consideration to the Trustee, the Debtor agreed to waive his claim of an exemption in the PI Action.

38. As a condition of the settlement, the Trustee shall be authorized to transfer whatever right, title and interest in the Sag Harbor Property held by the estate and the Debtor as of the Filing Date to Nancy.

39. The Settlement Sum was to be paid within seven (7) days of the execution of the Stipulation. The Settlement Sum has been paid and received by the Trustee.

40. The Trustee submits that the terms of the Stipulation are in the best interests of the Debtor's estate and its creditors. For the reasons set forth more fully below, the Trustee is satisfied that the terms of the Stipulation are well above the lowest point in the range of reasonableness.

41. Accordingly, the Trustee respectfully requests that the Court approve the Stipulation.

## RELIEF REQUESTED AND BASIS FOR RELIEF

42. By this Motion, the Trustee seeks approval of the Stipulation as being fair, equitable and in the best interests of the estate in accordance with Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019(a). For the reasons set forth more fully below, the Trustee believes that this settlement falls well above the lowest level of reasonableness and is in the best interest of the estate. Accordingly, the Trustee respectfully requests the Court approve the Stipulation resolving this adversary proceeding as against American Express.

43.     Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. In re Dewey & LeBoeuf LLP, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

44.     Under Rule 9019 of the Bankruptcy Rules, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(a). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC (In re SageCrest II), Nos. 3:10cv978 (SRU), 3:10cv979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); In re Lehman Bros. Holdings, 435 B.R. 122, 134 (S.D.N.Y. 2010).

45.     A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Communs. Corp., 368 B.R. 140, 225-226 (Bankr. S.D.N.Y. 2007).

46.     The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at

424) (internal quotations omitted). The Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011).

47.    Here, the Trustee has determined, in his reasonable business judgment, that the proposed settlement embodied in the Stipulation is fair and reasonable within the standards discussed above. The Trustee discusses each of the above-referenced adversary proceedings in turn below.

48.    With respect to those adversary proceedings in which Bellatour was named as a defendant, it was merely for the purpose of obtaining a determination that Bellatour was a passthrough entity and alter ego of the Debtor such that the transfers made to the co-defendant in each of those matters was effectively made with the Debtor's funds.

49.    With respect to the transfers made to directly to Nancy, she has claimed that no less than $742,125.00 of the transfers made to her directly or through Bellatour within six-years of the

Filing Date and the majority of the direct transfers made to her after the Filing Date were used to pay for the obligations incurred by the Debtor, for his benefit (including the rent for his New York City apartment) or relating to the upkeep of the Sag Harbor Property. With respect to the payments made by the Debtor directly or through Bellatour on credit accounts held by her, Nancy has similarly asserted that the charges paid were either for the Debtor's personal benefit or, at most, their mutual benefit.

50. The Sag Harbor Property is owned by the Debtor and Nancy as joint tenants with right of survivorship. Absent the granting of relief to the Trustee under Section 363(h), the Trustee's only recourse is to sell the estate's interest to a party willing to speculate on whether Nancy will predecease the Debtor and thereby obtain title to the Sag Harbor Property by right of survivorship, greatly impairing the value of the estate's interest. Nancy is younger than the Debtor such that, from an actuarial standpoint, her distributive interest is arguably greater than the Debtor based on life expectancy. Nancy opposes a Section 363(h) sale on the grounds that it would impose an undue hardship on her. She further contends, and has corroborated in part, that she was the source of the $235,000.00 contract deposit for the purchase of the Sag Harbor Property, the cash balance of the purchase price, and the out of pocket closing costs such that she might be entitled to a greater distributive interest in the proceeds of any Section 363(h) sale.

51. In connection with the Hannah Proceeding and the Max Proceeding, Hannah and Max have contended that, among other things, the Debtor received consideration for most, if not all, of the Hannah Transfers and Max Transfers because those payments satisfied an antecedent debt, namely a legal obligation under the Debtor's July 8, 2010 matrimonial settlement agreement with his former spouse to pay certain expenses of his children through college and completion of their post-baccalaureate education. To the extent that the Court ultimately concluded that a

15

substantial part of the Hannah Transfers and Max Transfers conferred a benefit upon the Debtor by satisfying an antecedent debt, only $15,682.50 of the Hannah Transfers and $11,661.08 of the Max Transfers would be subject to avoidance and recovery by the Trustee.

52. With respect to the deposit of $55,000.00 made by the Debtor into his IRA after the Filing Date ("IRA Contribution"), the Debtor has provided information reflecting he has made contributions in several consecutive years prior to the Filing Date. The dispute between the Parties is whether the IRA Contribution was made in the ordinary course of business within the meaning of Section 363(c)(1) of the Bankruptcy Code such that it did not require the approval of the Court and is, thereby, exempt from recovery under Section 549. The Trustee believes that assertion would require factual determinations by the Court as to whether the IRA Contribution was ordinary in the sense it was at a time and in an amount comparable to prior years and whether an IRA deposit falls within the Debtor's "business".

53. In reaching a global settlement with the Defendants, the Trustee has taken into account the range of prospective values of the estate's interest in the Sag Harbor Property, the limited net exposure of Max and Hannah in view of the Debtor's alleged obligations under the matrimonial stipulation, and that it appeared that a substantial amount of the payments at issue in the Nancy Proceeding may have been made for the Debtor's benefit or to satisfy a joint obligation.

54. The Trustee concluded that Settlement Sum represents a fair compromise of his claims against the Defendants. Equally as important, the Trustee was able to globally resolve the estate's claims without incurring extensive Chapter 7 administrative expenses in prosecuting these adversary proceedings to their conclusion, which would entail the adjudication of additional discovery disputes, further document discovery, multiple depositions, and expert discovery. It is

probable that the Defendants would appeal an adverse outcome, thereby further increasing the administrative expenses of the estate.

55. The Stipulation provides for the exchange of certain releases between the Trustee, on behalf of the estate, and the Defendants, effective when the Order approving the Stipulation ("Approval Order") is final and non-appealable and the receipt and clearance of the Settlement Sum. That release includes the Debtor's waiver of his exemption claim in and to the PI Action or any claim in and to the Settlement Sum.

56. In the context of the proposed settlement, the Trustee submits that the releases should be approved. The granting of releases in connection with a settlement of claims is left to the trustee's business judgment. See, e.g., Morley v. Ontos, Inc. (In re Ontos, Inc.), 478 F.3d 427, 433 (1st Cir. 2007) (affirming decision approving stipulation containing release of claims by trustee in connection with settlement of claims); Krohn v. Lawlor, 2007 U.S. Dist. LEXIS 66763, 2007 WL 2687663 (E.D.N.Y. September 10, 2007) (approving settlement agreement in which the trustee granted releases).

57. In this instance, the Trustee has determined, in his reasonable business judgment, that the proposed settlement embodied in the Stipulation is fair and reasonable within the governing standards. In assessing the settlement, the Court should consider (as Trustee has) the following: (a) consideration may have been provided in exchange for a significant amount of the transfers in dispute; (b) the Defendants deny liability and have asserted affirmative defenses, some of which would likely be sustained, in part; (c) the issues arising from the forced sale of the Sag Harbor Property, including quantifying the respective distributive interests of the Debtor and Nancy to the proceeds of sale and determining what credits or offsets are appropriate based on the sources of the funds for the purchase of the Sag Harbor Property and its upkeep; (d) that the

Defendants have disputed that the Debtor was insolvent at the time of, or rendered insolvent, by the transactions at issue, which dispute would require expert discovery; (e) the likely probability that the prosecution of the adversary proceedings would be protracted and highly contested which would, inter alia, result in increased administrative fees and expenses; (f) the fact that litigation is necessarily unpredictable and that there is no guaranty of success; (g) the nature of the releases being exchanged; and (g) the settlement embodied in the Stipulation is the result of arm's-length negotiations between the Trustee and Defendants.

58. For these reasons, the Trustee submits that the Stipulation is fair, reasonable and in the best interests of the estate, and the Trustee respectfully recommends its approval.

## NOTICE AND NO PRIOR REQUEST

59. The Trustee has served this Motion and its exhibits to all necessary parties under Bankruptcy Rule 2002.

60. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: August 1, 2022
       Wantagh, New York

                                        **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Salvatore LaMonica, solely as Chapter 7 Trustee

By:    *s/David A. Blansky*
        David A. Blansky, Esq.
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        Telephone: 516.826.6500